

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

FILED
JUN 3 - 2015
LESLIE MASON
CIRCUIT CLERK

**ANDREW MOSS**  PLAINTIFF

vs.   CASE NO. CV-2015- 121   (PH)

**GENERAL MOTORS, LLC**  DEFENDANT

## COMPLAINT

**COMES NOW** the Plaintiff, Andrew Moss, by and through counsel, James W. Harris, and for his cause of action against Defendant General Motors, LLC, states as follows:

### I. PARTIES

1. Plaintiff Andrew Moss is an adult resident citizen of Blytheville, Mississippi County, Arkansas.

2. Defendant General Motors, LLC (hereinafter referred to as "GM") is a foreign Limited Liability Company operated out of Detroit, Michigan, with its state of origin being Delaware; GM is registered with "good standing" status with the Arkansas Secretary of State, and GM may be served with process of this Court by delivering a copy of the Summons and Complaint to its registered agent at:

GENERAL MOTORS, LLC
c/o: Corporation Service Company
300 Spring Building, Suite 900
300 Spring Street
Little Rock, AR 72201

1

3. This is an action for personal injuries arising out of a defect in the design and manufacture of an automobile, which such defect was known to the defendant at the time the vehicle was placed into commerce.

4. This Court has jurisdiction over the parties hereto and over the subject matter hereof. Venue properly lies in this county and in this court.

## II. FACTS

5. Plaintiff Andrew Moss was driving a 2005 Chevrolet Malibu Maxx at approximately 01:40 on October 03, 2010, heading South on US Interstate 55 approximately 1 mile North of Exit 63 (US Highway 61). *See* Exhibit 1.

6. Just as Plaintiff was approaching a bridge, the steering system on the vehicle completely locked up not allowing Plaintiff to steer the vehicle.

7. The 2005 Chevrolet Malibu Maxx struck the guard rail with the left front of the vehicle, then crossed back across US Interstate 55, impacting a concrete barricade with the right front of the vehicle.

8. The 2005 Chevrolet Malibu Maxx finally came to rest facing South in the right hand lane, leaving approximately 325 feet of skid marks prior to coming to final rest.

9. Plaintiff Andrew Moss received serious bodily injury as a result of the accident, and had to be air lifted to "The Regional Medical Center" in Memphis, Tennessee.

2

10. As a result of this accident, Plaintiff has incurred over $80,000.00 in medical expenses. In addition, Plaintiff has suffered a loss of earnings and is likely to suffer a diminution in his future earnings, and has suffered severe pain and suffering in the past which will continue into the foreseeable future.

11. That Chevrolet (GM) issued a letter "extending the warranty coverage for the loss of power steering" regarding the 2005 Chevrolet Malibu Maxx.

### III. COUNT ONE - STRICT LIABILITY

12. That at the time the 2005 Chevrolet Malibu Maxx left GM, the product was defective so as to render it unreasonably dangerous, and that the defect was the cause of Plaintiff's injuries. The defect was one which derived from either improper design, defective parts, or improper and defective manufacture.

13. A jury can conclude that it is more probable than not that the steering failure of the 2005 Chevrolet Malibu Maxx was the primary cause of the accident.

### IV. COUNT II - FAILURE TO WARN

14. Defendant had knowledge of defects in the design or manufacture of the power steering system on 2005 Chevrolet Malibu Maxx vehicles.

15. Defendant had a duty to warn all persons who purchased 2005 Chevrolet Malibu Maxx vehicles that it was likely the steering system was defective and could cause the vehicle to have an accident.

16. Defendant breached its duty by not properly warning Plaintiff of the dangers inherent in operating a 2005 Chevrolet Malibu Maxx vehicle. Defendant's failure to so warn is a proximate cause of the injuries sustained by Plaintiff.

## V. COUNT III - PUNITIVE DAMAGES

17. This is a products liability case based upon defective design, defective manufacture and failure to warn.

18. Defendant knew, or ought to have reasonably known under the circumstances, that its 2005 Chevrolet Malibu Maxis' would cause injuries to those persons who operated the vehicles, yet it allowed those vehicles to be placed on the market and operated on the public roads. Defendant either acted with actual malice in doing so, or the facts are such that malice may be inferred.

19. Plaintiff is entitled to an award of punitive damages in an amount to be determined by the trier of facts.

## VI. DEMAND FOR TRIAL BY JURY

20. Plaintiff hereby demands trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant in an amount in excess of the minimum amount required for diversity of citizenship jurisdiction in the United States District Court, for an award of punitive damages against Defendant in an amount which is a single digit multiplier of the amount of any compensatory damage judgment, for judgment prejudgment interest from the date of breach, October 03, 2010, until the date of judgment; post-judgment interest at the statutory rate; all costs of court; and for such other and further relief as may be just and proper.

Respectfully submitted,
Andrew Moss, Plaintiff

By: _____
James W. Harris, ABN 98025
Attorney for Plaintiff

**LAW OFFICE OF
JAMES W. HARRIS**
118 West Walnut
P.O. Box 185
Blytheville, AR 72316-0185

Phone: 870-762-6900
Fax:   870-762-2623