UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| ANDREW MOSS, ) | |
| ) | |
| Plaintiff, ) | Court File No.: 3:15-cv-00200 DPM/JTK |
| ) | |
| vs. ) | |
| ) | |
| GENERAL MOTORS LLC, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED PROTECTIVE ORDER

This matter came before the Court on the stipulation of counsel for Plaintiff Andrew Moss ("Plaintiff") and counsel for Defendant General Motors LLC (hereinafter "GM LLC"), for the entry of an order governing the disclosure and handling of documents that defendant GM LLC considers to be confidential.

The Court, being duly advised, now ORDERS:

1. GM LLC may designate items of discovery or other information produced or disclosed to Plaintiff as being Confidential or Highly Confidential and subject to this Protective Order, which designation shall make such items and all copies, prints, summaries, or other reproductions of such information subject to this Order. All such documents or other tangible items produced by Defendant shall be clearly stamped or labeled to indicate that such material is subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

2. GM LLC shall designate as being "Confidential" under this Protective Order only such documents and materials which it or its component or subsystem suppliers have determined in good faith to constitute or contain a trade secret, competitively sensitive

information or other confidential research, development, technical or commercial information. All such documents and materials shall be clearly labeled to indicate that such material is Confidential subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

3. GM LLC shall designate as being "Highly Confidential" under this Protective Order only three-dimensional ("3D") electronic CAD data or mathematical modeling or other materials that are so highly confidential that disclosure could cause substantial and irreparable economic harm. All such documents and materials shall be clearly labeled to indicate that such material is Highly Confidential subject to Protective Order, and testimony or other types of information based upon such documents or tangible items shall be similarly designated in clear terms.

4. Materials designated as Confidential or Highly Confidential and copies thereof may be disseminated, used, disclosed, or otherwise made available only for purposes of this litigation and only to the following persons:

    a. Attorneys of record in this action and their partners or associate attorneys;

    b. Any persons regularly employed by such attorneys or their firms, when working in connection with this action under the supervision of partners or associate attorneys of said firms;

    c. Any independent expert or consultant specifically retained by counsel to provide assistance, expert advice, technical consultation, or testimony in this action, and the employees of such experts, consultants or similar persons when working in connection with this action under the supervision of said persons, provided that such

2

persons have first been furnished with a copy of this Order, read it, and agree to be bound by its terms by signing the Affidavit attached as Exhibit A to this Order;

  d. The Court;

  e. Court reporters or other official personnel reasonably required for the preparation of transcripts or testimony;

  f. Mediators and other individuals appointed by the Court in this matter;

  g. GM LLC's employees, either by deposition or trial testimony, who may be shown and questioned about the confidential material.

5. Prior to disclosure of any Highly Confidential materials or information, any person to whom the information is to be disclosed shall first provide their name, address and telephone number along with a signed, written acknowledgement evidencing agreement to the terms of this Order. Plaintiff shall serve counsel for GM LLC with the third-party's signed acknowledgement to be bound by this Order prior to disclosure of any Highly Confidential materials or information.

6. Use of documents or information covered by this Protective Order at trial or in other proceedings shall be addressed by the court at such times.

7. This protective order does not address issues of discoverability, substantial similarity, or the scope of relevant discovery for the products at issue in this lawsuit. These issues are not currently before the Court, and may be raised by the parties at the appropriate time.

8. In the event that plaintiff's counsel disagrees with the propriety of GM LLC's designation of any item or items as being confidential under Protective Order, the parties shall resolve their differences by following the procedures established by the Court for handling

3

discovery disputes. *See* ECF Document 9 at 3 ("Discovery Disputes"). Any such item or items shall continue to be treated as confidential and subject to this Order until such time as such report has been ruled upon.

9. If any party wishes to modify this Order, the parties shall first request such modification from each other, and, if no satisfactory agreement is reached, may petition the Court for modification at any time prior to termination of this lawsuit. Modification of this Order after termination of this lawsuit, by judgment, settlement or otherwise, shall not be permitted. Until modification is granted by agreement or order, the terms of this Order will govern. Provision for use of such information at trial shall be similarly made by agreement or by pretrial order governing use and protection of the confidential status of the documents.

10. This Order shall not preclude the Court or its personnel from reviewing any documents or information designated as confidential or proprietary as necessary for the conduct of this litigation.

11. Upon reaching agreement upon settlement terms, or upon termination of this lawsuit by judgment, settlement or otherwise (whichever occurs first), parties who have received items designated as confidential under protective order shall return to GM LLC through its counsel of record, all of the documents and information subject to this Order, including all copies, prints, summaries, and other reproductions of such information, in the possession of the party, the party's counsel and the party's testifying and consulting experts. Counsel for Plaintiff will certify in writing to GM LLC's counsel that this Order has been complied with and will disclose the names of all experts to whom such information was disclosed. Each retained expert will also certify in writing to defendant's counsel that this Order has been and will be complied with in the form of the affidavit attached hereto as Exhibit A.

12. The parties hereby incorporate the redaction requirement of Fed.R.Civ.P. 5.2(a) and agree to comply with that rule if practicable before filing any document under seal for the reasons contemplated by Fed.R.Civ.P. 5.2.

13. The Court shall retain jurisdiction for a period one (1) year after the date of the final judgment disposing of this action for the purpose of enforcing the provisions of this Order.

14. Nothing in this Order should be construed as preventing the parties from disclosing safety related information to the government or regulatory entities. Nothing in this Order should be construed as preventing the parties from cooperating with any government investigation.

Dated: 11 March 2016

_____
D. P. Marshall Jr.
United States District Court Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ANDREW MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | Court File No.: 3:15-cv-00200 DPM/JTK |
| | ) | |
| vs. | ) | |
| | ) | |
| GENERAL MOTORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT

STATE OF _____ )
) ss.
COUNTY OF _____

I, _____, hereby affirm that I have read the Protective Order entered in the above-entitled matter, dated _____ have fully complied with all of its terms and provisions.

_____
Affiant

Subscribed and sworn to before me this
_____ day of _____, _____.

_____
Notary Public

6