IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ANDREW MOSS                                                            PLAINTIFF

v.                              No. 3:15-cv-200-DPM

GENERAL MOTORS LLC                                              DEFENDANT

ORDER

1. GM's motion for summary judgment is denied without prejudice to renewal at trial. The issue is close. But things add up: Moss's testimony that he wasn't speeding; his prior experience with the steering locking up; GM's post-accident recall notice; and Moss's excited utterance about a steering problem right before the crash.  All this—accepted as the truth, in combination, and with inferences taken in Moss's favor—is sufficient to support a conclusion that a steering defect caused this wreck. The jury must decide whether it believes all that disputed proof or GM's experts' testimony: Moss was speeding; and the steering defect didn't cause any problem. In terms of the proof offered to avoid judgment as a matter of law, this case is more like *Harrell Motors, Inc. v. Flanery*, 272 Ark. 105, 612 S.W.2d 727 (1981) than *Mixon v. Chrysler Corp.*, 281 Ark. 202, 663 S.W.2d 713 (1984). As in *Schipp*

*v. General Motors Corp.*, 443 F. Supp. 2d 1023 (E.D. Ark. 2006), plaintiff has no expert but does have defect evidence a jury could believe.

2. GM's motion to prevent Moss from offering belated expert testimony is granted. Moss didn't disclose any by the Court's deadline. Moss's like motion is granted in part but mostly denied. It's unclear whether Moss got the reports of GM's experts by email: The Court faces a he said/he said situation. It's clear, though, that Moss got the notice that GM had experts with opinions. *№ 33 at ¶ 2.* So GM's experts can testify. In the circumstances, the fair resolution is that Moss may depose GM's experts out of time to prepare for trial. But no rebuttal experts will be allowed.

3. The Court can't keep the February trial date. I must travel out of state that week to participate in the selection process for a United States Bankruptcy Judge. These interviews were just scheduled. An Amended Final Scheduling Order will issue.

\* \* \*

Motion, *№ 22*, denied without prejudice. Motion, *№ 19*, granted. Motion, *№ 34*, granted in part and denied in part. Motion, *№ 30*, denied as moot. Final Scheduling Order, *№ 9*, suspended and February 13th trial canceled.

So Ordered.

*DPMarshall Jr.*
_____
D.P. Marshall Jr.
United States District Judge

21 December 2016